## CIRCUIT COURT OF LOUDOUN COUNTY

Loudoun County

v.

Ratcliff

April 11, 1988

Case No. (Criminal) 5647

By JUDGE JAMES H. CHAMBLIN

At the bench trial of this case on 8 April 1988, the sole issue was whether the testimony of the defendant's expert witness created a reasonable doubt as to the guilt of the defendant who was charged under Virginia Code Section 18.2-266(i) with operating a motor vehicle with a blood alcohol content of 0.10 percent or above. The defendant was charged with the *per se* violation under Virginia Code § 18.2-266, and not with driving under the influence as set forth in subsection ii of that Code Section. The certificate of breath alcohol analysis was admitted into evidence without objection by the defendant. The certificate showed a blood alcohol content of 0.11 percent by weight by volume.

For the reasons hereinafter stated, I am of the opinion that the expert testimony presented by the defendant and uncontradicted by the County showed a reasonable doubt that the defendant's blood alcohol level was 0.10 percent or greater. Therefor, I find the defendant not guilty.

The analysis of the breath of the defendant was performed by Corporal Burke of the Loudoun County Sheriff's Department on 6 June 1987 at 8:21 P.M. The offense was alleged to have occurred earlier in the evening on the same date. The test was performed on a Smith & Wesson

Model 900-A Breathalyzer. The documents subpoenaed by the defendant from the Division of Consolidated Laboratory Services showed that the subject Breathalyzer operates on the basic assumption founded on Henry's Law that there is a constant ratio between the weight of alcohol per volume of air (breath) and the weight of alcohol per volume of blood. This ratio is 2100:1, or, in other words, using milliliters as a volume measurement, one milliliter of blood will contain the same weight of alcohol as 2100 milliliters of alveolar (deep lung) air. The aforesaid Breathalyzer will measure the weight of alcohol in the alveolar air sample, and using the aforesaid ratio, show a blood alcohol reading based on the foregoing ratio.

The defendant presented the testimony of Dr. Joseph M. Ballo, a pathologist associated with Loudoun Hospital Center, and who had previous forensic pathological experience with the coroner's office in Westchester County, New York. Dr. Ballo has been in practice in Loudoun County for over eleven years, and is familiar with laboratory analysis using a photometric device such as the subject Breathalyzer. His uncontroverted testimony was that the aforesaid ratio in fact varies from individual to individual for a variety of factors from a low of 1:1500 to a high of 1:3000. He testified that while the margin of error in determining the alcohol content of the breath sample was very small, the margin of error in the correlation of alcohol in the breath sample to the alcohol content in the blood was much greater. I find Dr. Ballo's testimony in this case clearly credible and persuasive.

A 1:1500 breath to blood ratio is 71.43 percent of the 1:2100 assumed ratio. 71.43 percent of the 0.11 percent result is 0.079 percent or under the 0.10 percent required by the statute. As the County has the burden of proof and the defendant has the presumption of innocence, I feel the result should be adjusted to give the defendant the benefit of the margin of error as per Dr. Ballo's testimony.

My decision is based solely on the facts as proven in this case. It was crucial to my decision that the defendant was charged with a *per se* violation of Virginia Code § 18.2-266, and Dr. Ballo's expert testimony was uncontradicted. For another Court's application of reasoning similar to mine, *see State v. Burling*, 224 Neb. 725 (1987).